IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LESLIE RICHIE | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1545 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
|     Defendants | § | |
| | § | |

## **MEMORANDUM AND ORDER**

Pending before the Court in this civil rights dispute arising from the August 2002 arrest of Plaintiff is a Motion for Summary Judgment [Doc. # 28] ("Defendants' Motion")[1] filed by The City of Houston (the "City") and former Chief of Police C.O. Bradford ("Bradford").[2] Plaintiff has filed a Response ("Plaintiff's Response"),[3] to which Defendants have filed a Reply [Doc. # 30].[4] The motion is ripe for decision. Having considered the

---

[1] In their Motion, Defendants refer the Court to the substance of their Motion in a companion case in this Court, *Gilmore v. The City of Houston, et al.,* Cause No. H-04-1544 [*Gilmore* Doc. # 21].

[2] In addition to the City and Bradford, HPD Captain Mark Aguirre remains a Defendant in this case. All other Defendants have been dismissed.

[3] Plaintiff filed a joint response with plaintiffs in companion cases. That Response was not docketed in this case, but was docketed in a companion case, *Emily Demmler v. City of Houston, et al.,* Cause No. H-04-1543 [*Demmler* Doc. # 30]. In her Response, Plaintiff refers the Court to the substance of the response filed by plaintiffs in another companion case in this Court, *Ratliff, et al. v. The City of Houston, et al.,* Cause No. H-02-2809 [*Ratliff* Doc. # 84].

[4] In their Reply, Defendants refer the Court to the substance of their Reply in a companion case
(continued...)

parties' submissions, all matters of record, and the applicable legal authorities, the Court concludes that Defendants' Motion should be **granted in part and denied in part**.

I.   **BACKGROUND**

The following facts are alleged in Plaintiff's First Amended Complaint [Doc. # 18]. On August 17, 2002, Plaintiff Leslie Richie was a lawful customer at a Sonic restaurant located in the 8400 block of Westheimer Road in Houston, Texas. Houston Police Department ("HPD") officers approached her and ordered her to walk to the adjacent parking lot of a K-Mart shopping center. At the K-Mart, Richie was placed under arrest and handcuffed. The handcuffing caused bruises that took two weeks to subside. During her arrest, Richie informed officers that she was an epileptic. Officers denied Richie's request to retrieve her medication from her car. She spent over four hours sitting handcuffed on the ground in the parking lot before being taken to jail.

Richie was not permitted to visit the clinic at the jail until 5:30 a.m. The clinician gave her the wrong medication for her epilepsy. As a result, Richie became dizzy and disoriented. At the jail, officers searched Richie for the third time, this time in front of male inmates. She was ashamed and humiliated. Richie was released after twelve hours of detention.

---

⁴      (...continued)
in this Court, *Lopez, et al. v. The City of Houston, et al.,* Cause No. H-03-2297 [*Lopez* Doc. # 151].

Plaintiff's arrest was allegedly made pursuant to an HPD initiative dubbed "Operation ERACER," mass arrests of approximately 425 people on August 16, 17, and 18, 2002, intended to target illegal street racing. Ultimately, all charges against Plaintiff and other arrestees were summarily dismissed as wrongful arrests. Plaintiff in this case and plaintiffs in companion cases complain of their wrongful detentions, arrests, and their treatment while in custody.

Plaintiff alleges that the operations were conducted by Captain Mark Aguirre with the knowledge and express or implied authorization of Chief C.O. Bradford. Plaintiff further alleges that his arrest was made pursuant to an express or implied policy of HPD known as "zero tolerance." Plaintiff alleges that pursuant to the "zero tolerance" policy, HPD targets an area and arrests anyone and everyone in the area without regard for probable cause or evidence of criminal activity.

There is no evidence before the Court that any street racing occurred on the evening in question.

Plaintiff asserts causes of action pursuant to 42 U.S.C. § 1983 against the City, Bradford, and Aguirre for civil rights violations. Plaintiff also asserts state law causes of action against Bradford and Aguirre for the intentional torts of wrongful assault and false arrest and imprisonment.

## II.   DISCUSSION

Plaintiff's claims, and the summary judgment arguments advanced by the parties in this lawsuit, are essentially identical to those asserted in a companion case, *Brandi Ratliff,*

*et al. v. City of Houston, et al.,* Civil Action No. H-02-3809 ("*Ratliff*"). The Court hereby incorporates the analysis and rulings set forth in the Court's Memorandum and Order dated July 25, 2005, in *Ratliff,* a copy of which is attached to this opinion.

### III.     CONCLUSION AND ORDER

The Court concludes that Plaintiff may proceed with her § 1983 claim against the City and Bradford based in the facially unconstitutional Jackson Plan. To succeed on this claim, Plaintiff must prove that Bradford personally approved of the specific Jackson Plan. Plaintiff may also proceed with her § 1983 claim against the City and Bradford based on a "zero tolerance" custom of detention without reasonable suspicion. To succeed on this claim, Plaintiff must prove the existence of such a custom and Bradford's knowledge or constructive knowledge of the custom.

The Court finds there are genuine questions of material fact that preclude summary judgment in Bradford's favor on qualified immunity on Plaintiff's claims against Bradford based on a policy, practice, or custom of detention without reasonable suspicion.

All other § 1983 claims pleaded in Plaintiff's Complaint against the City and Bradford are dismissed. Plaintiff may not amend her Complaint to assert failure to supervise claims. Plaintiff's state law claims against Bradford are dismissed. It is hereby

**ORDERED** that Defendants The City of Houston and C.O. Bradford's Motion for Summary Judgment [Doc. # 28] is **GRANTED in part** and **DENIED in part.**.

SIGNED at Houston, Texas, this **25th** day of **July, 2005**.

_____
Nancy F. Atlas
United States District Judge